**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scottsdale Indemnity Company, | No. CV-18-08123-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Lynda Faye Downie, | |
| Defendant. | |

At issue is Defendant Lynda Faye Downie's Motion to Dismiss (Doc. 14, Mot.), to which Plaintiff Scottsdale Indemnity Company ("SIC") filed a Response (Doc. 16, Resp.), and Defendant filed a Reply (Doc. 17, Reply).

## I.     BACKGROUND

On May 31, 2015, Travis Wade O'Conner, a bouncer at The Lodge Sports Bar and Grill in Pinetop, Arizona, used force to escort Lynda Faye Downie out of the bar after Downie got into a physical altercation with other patrons. As O'Conner tried to remove Downie from the bar, Downie fell and sustained injuries. On January 26, 2016, Downie filed suit against O'Conner and Epic Developments, the bar's owner, in Navajo County Superior Court. On February 24, 2016, SIC, the bar's insurer, agreed to defend O'Conner and Epic under a limited Reservation of Rights, in which SIC reserved its right to refuse to indemnify for any amount above a $25,000 assault and battery liability limit in the policy.

In August 2017, O'Conner and Epic entered into a Morris Agreement[1] with Downie in which O'Conner and Epic stipulated to a $400,000 judgment and assigned their rights against SIC under the Policy to Downie, and Downie agreed not to execute the stipulated judgment against O'Conner and Epic. After SIC intervened, in June 2018, the Superior Court held a three-day evidentiary hearing in Holbrook, Arizona to determine the reasonableness of the stipulated judgment amount. On June 12, 2018, the Superior Court issued a ruling that a reasonable judgment amount is $275,000, and the next day the Superior Court entered judgment for Downie and a writ of garnishment in the amount of $275,000.

SIC filed the present action against Downie in this Court on June 13, 2018, raising two counts under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. SIC asks the Court to declare that insurance coverage for Downie's injury is limited to $25,000 and that no coverage for punitive or exemplary damages applies under the policy. On June 29, 2018, SIC answered the writ of garnishment in the Superior Court matter by denying liability above the $25,000 limit, and SIC moved to stay the garnishment proceeding pending this Court's resolution of the present matter, which motion the Superior Court granted.

Downie now asks this Court to exercise its discretion under the Declaratory Judgment Act and dismiss this action in favor of the pending state court proceedings involving the same parties and issues.

## II.    LEGAL STANDARD

Under the Declaratory Judgment Act, district courts have the "unique and substantial discretion" to decide whether to issue a declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The Declaratory Judgment Act states that "courts *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Accordingly, a district court is under no compulsion to exercise jurisdiction. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).

---

[1] *See United Services Auto. Ass'n v. Morris*, 741 P.2d 246 (Ariz. 1987).

Where parallel state proceedings exist, "there is a presumption that the entire suit should be heard in state court." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citation omitted). Federal courts should avoid gratuitous interference, and a federal court's decision to proceed with a declaratory judgment action where parallel state proceedings exist may be uneconomical and vexatious. *Wilton*, 515 U.S. at 282–83 (citation omitted). However, the existence of a pendent state action does not automatically bar a request for federal declaratory relief. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991).

Courts consider a number of factors in determining whether to exercise jurisdiction or dismiss or stay the declaratory judgment proceeding. These factors include the need to: (1) avoid unnecessary determination of state law issues; (2) discourage litigants from filing declaratory actions in an attempt to forum shop; and (3) avoid duplicative litigation. *Dizol*, 133 F.3d at 1225; *Chamberlain*, 931 F.2d at 1367. In addition to the foregoing factors, the Ninth Circuit has adopted the following additional considerations:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "*res judicata*" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5 (citation omitted).

When declining to exercise jurisdiction, the district court is "authorized . . . to stay or dismiss" the action. *Wilton*, 515 U.S. at 288.

## III.   ANALYSIS

Downie argues the Court should exercise its discretion to dismiss SIC's Declaratory Judgment Act claims in this case, most notably because (1) insurance coverage is fundamentally a question of state law and the coverage issue is already before the Superior Court; (2) parties should not be allowed to forum shop where, as here, the issue is already

ripe in an earlier adjudication; (3) the Court should avoid litigation that is duplicative of that in Superior Court, particularly where the Superior Court has already heard the relevant evidence in a three-day hearing; (4) the state court remedy is adequate because garnishment proceedings are routinely heard in state court and, under Arizona law, the Superior Court is empowered to decide all the relevant issues of fact and law; and (5) the Superior Court can resolve the coverage issue in short order with minimal cost and, by contrast, resolution of the issue by this Court will result in significant delay and cost.

SIC argues that this Court should resolve its Declaratory Judgment Act claims, principally because (1) the Superior Court stayed the garnishment action pending this Court's decision whether to resolve SIC's claims, such that there is no threat of duplicative litigation or entanglement; (2) federal courts are equipped to resolve claims under state law, and the relevant facts are available from the state court record; (3) SIC is not forum shopping, but rather attempting to resolve the coverage issues in a forum that is more convenient and cost efficient for both sides, since all counsel are located in Maricopa County and not 200 miles away in Navajo County; and (4) litigation in Superior Court may not be less expensive or take less time than litigation in federal court.

Initially, the Court notes there is no general presumption in favor of declining jurisdiction. *Dizol*, 133 F.3d at 1225. Under *Dizol*, "the *Brillhart* factors remain the philosophic touchstone for the district court," and the district court "is in the best position to assess how judicial economy, comity and federalism are affected in a given case." 133 F.3d at 1225.

In deciding whether the Court should exercise its discretion to resolve SIC's Declaratory Judgment Act claims in this matter, all of the factors outlined in *Dizol* are either neutral or weigh in favor of dismissal. 133 F.3d at 1225 & n.5. The Court agrees with Downie that issues of coverage under an insurance policy are fundamentally questions of state law and these questions are already squarely before the Superior Court, which favors dismissal of SIC's claims here. While SIC contends it is not forum shopping, of course it is when it attempts to litigate the coverage issues in a new court in lieu of the

forum in which the issues are already pending; indeed, SIC explicitly states its preference to litigate in Maricopa County over Navajo County. And while SIC argues this Court would avoid litigation that is duplicative of that in Superior Court by virtue of the stay in Superior Court, the Superior Court could lift the stay and proceed at any time.

There is no question that the state court remedy is adequate, because garnishment proceedings are routinely fully resolved in state court under Arizona law. The Court agrees with SIC that resolution of the coverage issues here would fully and finally settle the issues, but that is true in either forum. And the Court is, if anything, inclined to agree with Downie that the state court will resolve the coverage issues more quickly and efficiently than this Court, given the posture of the state court garnishment action.

The decision whether to retain jurisdiction is a "responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). The Court has done so and found that the reasons to decline to exercise jurisdiction outweigh the reasons to exercise jurisdiction of SIC's Declaratory Judgment Act claims.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 14).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment accordingly and close this action.

Dated this 29th day of March, 2019.

_____
Honorable John J. Tuchi
United States District Judge